FILED
JUL 17 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

LAWRENCE FREDERICK TAYLOR
1118 Eastern Avenue, N.E.
Washington, D.C. 20019

    Plaintiff

v.

UNUM LIFE INSURANCE COMPANY
2211 Congress Street
Portland, Maine 04122

SERVE:
District of Columbia Insurance
  Commissioner Thomas E. Hampton
Department of Insurance,
  Securities and Banking
810 First Street, N.E., Suite 701
Washington, D.C. 20002

    Defendant

Case: 1:07-cv-01269
Assigned To : Friedman, Paul L.
Assign. Date : 07/17/2007
Description: CONTRACT

COMPLAINT

Lawrence Frederick Taylor, plaintiff, by his attorney Benjamin A. Klopman, sues the defendant Unum Life Insurance Company ("UNUM") and states the following as his complaint.

COUNT I
(Breach of Contract)

1. This action arises under the Employment Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. §1001 et. seq. and, more particularly, under §502(a)1(B) and §502(c) of said Act.

2. Plaintiff is a resident of the District of Columbia and defendant is a Maine corporation that regularly does business in the District of Columbia. The amount in controversy exceeds $75,000.00.

3. This Court has jurisdiction over this matter under 29 U.S.C. §1132(e) (ERISA), 28 U.S.C. §1332 (diversity) and 28 U.S.C. §2201 et. seq. (declaratory judgment).

4. Plaintiff, at all times pertinent hereto, was employed by Washington Real Estate Investment Trust, Inc. (hereinafter "WREIT"), which is purportedly a qualified participant in an employee benefits pension plan within the meaning of 29 U.S.C. §1002, ERISA.

5. Plaintiff first became employed with WREIT in the 1970s and on January 18, 2004 held the position of maintenance engineer supervisor.

6. On or about January 18, 2004, plaintiff sustained a serious injury to his back while working for WREIT. Specifically, plaintiff was carrying a heavy piece of equipment down steps when he fell and suffered a herniated disc in his back.

7. Plaintiff continued to work for WREIT until August, 2004 when his back injury caused him to be permanently disabled.

8. Plaintiff was a registered participant and beneficiary in an employee benefits pension plan providing disability income benefits, which was sponsored by WREIT.

9. The disability income portion of the employee benefits plan was written and issued by defendant UNUM under policy number 585238 and provided for disability benefits as outlined in the said policy.

10. Plaintiff attempted to return to work for WREIT, but because of his disabling back injury, he was not qualified nor able to do so.

11. In August, 2004, plaintiff's employment with WREIT was terminated.

12. Defendant UNUM accepted plaintiff's claim and paid him disability benefits through December, 2006.

13. Then, on December 19, 2006, after paying approximately twenty-four (24) months of disability benefits, UNUM decided to deny plaintiff's claim.

14. Plaintiff appealed said denial under the UNUM policy, but said appeal was denied and, consequently, UNUM has maintained its denial of disability benefits to plaintiff.

15. Defendant administered the disability income policy as part of the ERISA plan under 29 U.S.C. §1001, et. seq., which was participated in by plaintiff, who is a beneficiary of said plan.

16. Defendant, who acted in a fiduciary capacity as a plan administrator, owed a fiduciary duty to plaintiff.

17. Plaintiff suffers from a disabling back injury as a result of which he is "disabled" as that term is defined under the UNUM policy.

18. Defendant has breached its contract to pay disability income benefits to plaintiff to which he is entitled because of his continuing disability from working as defined under the UNUM policy.

WHEREFORE, plaintiff demands judgment against defendant UNUM as described in Count V below and incorporated herein by reference.

## COUNT II
(Breach of Obligation of Fair Review)

19. The above paragraphs are incorporated herein by reference.

20. Defendant UNUM failed to provide plaintiff with an opportunity for a full and fair review of his claim.

WHEREFORE, plaintiff demands judgment against defendant UNUM as described in Count V below and incorporated herein by reference.

## COUNT III
(Violation of ERISA)

21. The above paragraphs are incorporated herein by reference.

4

22. The decision of defendant UNUM to deny benefits was arbitrary, capricious, not made in good faith, unsupported by substantial evidence, was erroneous as a matter of law and fact and was in violation of the provisions of ERISA.

WHEREFORE, plaintiff demands judgment against defendant UNUM as described in Count V below and incorporated herein by reference.

## COUNT IV
### (Breach of Fiduciary Duty)

23. The above paragraphs are incorporated herein by reference.

24. In considering plaintiff's claim for benefits, defendant owed a fiduciary duty to plaintiff, which it failed to fulfill.

WHEREFORE, plaintiff demands judgment against defendant UNUM as described in Count V below and incorporated herein by reference.

## COUNT V
### (Declaratory Judgment)

25. The above paragraphs are incorporated herein by reference.

26. As a direct and proximate result of the above actions of defendant, plaintiff has been denied disability benefits to which he is entitled under the UNUM policy, the full amount of

which will be established by evidence introduced in the instant proceedings before this Court.

27. As a result of defendant UNUM's actions, plaintiff has been compelled to retain the services of an attorney.

28. Plaintiff, therefore, requests that the Court declare that plaintiff is disabled under the UNUM policy and is entitled to benefits thereunder, that he be awarded interest lost on the benefits due through judgment, plus his attorney's fees.

WHEREFORE, plaintiff requests the Court grant the following:

a. an order and declaratory judgment for defendant UNUM to pay to plaintiff all disability benefits accrued and unpaid to the date of judgment and all future benefits as they become due thereafter;

b. an order and declaratory judgment for defendant UNUM to designate the plaintiff as an eligible participant under the plan and to pay plaintiff monthly disability benefits as they become due;

c. to award plaintiff his attorney's fees and costs of this action;

d. pre- and post-judgment interest on the sums due but unpaid; and

e. such other relief as deemed appropriate.

BENJAMIN A. KLOPMAN, CHARTERED

By: _____
Benjamin A. Klopman, #350082

216 North Adams Street
Rockville, Maryland  20850
(301)424-0677

Attorney for Plaintiff
Lawrence Frederick Taylor

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all claims herein.

_____
Benjamin A. Klopman, #350082

7

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

Lawrence Frederick Taylor

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

District of Columbia

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Benjamin A. Klopman
216 North Adams Street, Rockville, Md.
(301) 424-0677

**DEFENDANTS**

UNUM Life Insurance Company

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

Case: 1:07-cv-01269
Assigned To : Friedman, Paul L.
Assign. Date : 07/17/2007
Description: CONTRACT

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

☐ **A. Antitrust**
☐ 410 Antitrust

☐ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ Marine Product Liability
...ability

☐ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes:
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**Se General Civil**

8 USC 158
wal 28 USC 157

ns
enalty
us & Other
hts
ondition

its

rk

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ **G.** *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ **H.** *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ **I.** *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ **J.** *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ **K.** *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ **L.** *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☒ **M.** *Contract*<br>☒ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ **N.** *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
suit under ERISA for wrongful denial of disability bebefuts due long-term disability policy

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   **DEMAND $** Past and Future Disability Payments plus atty's fees, cost & interest & DJ relief   Check YES only if demanded in complaint  **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction) ☐ YES ☒ NO  If yes, please complete related case form.

DATE 7/17/07   SIGNATURE OF ATTORNEY OF RECORD   Benjamin A. Klopman

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.