IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE FREDERICK TAYLOR, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNUM LIFE INSURANCE COMPANY, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 1:07-CV-01269 (PLF) |

## ANSWER OF UNUM LIFE INSURANCE COMPANY

Defendant Unum Life Insurance Company ("Unum"), by counsel, hereby sets forth the following as its Answer to the Complaint of Plaintiff Lawrence Frederick Taylor ("Plaintiff"):

1. In regard to the allegations of paragraph 1 of the Complaint, Unum admits that Plaintiff is seeking benefits under an employee welfare benefit Plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § § 1001 *et seq*., but it denies that Plaintiff's claims have merit or that Plaintiff is entitled to the relief sought.

2. Upon information and belief, Unum admits the allegation contained in the first sentence of paragraph 2 of the Complaint that Plaintiff is a resident of the District of Columbia. Unum also admits that it is a Maine corporation that conducts business in the District of Columbia. Unum is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 2.

3. In regard to the allegations of paragraph 3 of the Complaint, Unum admits that this Court has federal question jurisdiction over this action, but it is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of said paragraph.

4. In regard to the allegations of paragraph 4 of the Complaint, Unum admits, upon information and belief that Plaintiff was employed by Washington Real Estate Investment Trust, Inc. ("WREIT"). All remaining allegations of paragraph 4 are denied.

5. In regard to the allegations of paragraph 5 of the Complaint, Unum admits that it has been reported that Plaintiff was employed by WREIT from the 1970s and, on January 18, 2004, held the position of maintenance engineer supervisor, but it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph.

6. In regard to the allegations of paragraph 6 of the Complaint, Unum admits that it has been reported that Plaintiff sustained a back injury on January 18, 2004 as a result of carrying a piece of equipment down steps, but it is without knowledge or information sufficient to form a belieff as to the truth of the remaining allegations of said paragraph.

7. In regard to the allegations of paragraph 7 of the Complaint, Unum admits that it has been reported that Plaintiff continued to work for WREIT until August 2004. All remaining allegations of paragraph 7 are denied.

8. In regard to the allegations of paragraph 8 of the Complaint, Unum admits that Plaintiff was a participant in an employee welfare benefit plan providing disability income benefits, but it denies the remaining allegations of said paragraph.

9. In regard to the allegations of paragraph 9 of the Complaint, Unum admits that it issued a long-term disability policy number 585238 ("the Policy") to Plaintiff's employer, and that the Policy funds the welfare benefit plan at issue. To the extent the allegations of

paragraph 9 of the Complaint refer to the terms of the Policy, Unum states that those terms speak for themselves, and to the extent the allegations paraphrase, misstate or mischaracterize the Policy, the allegations are denied.

10. In regard to the allegations of paragraph 10 of the Complaint, Unum admits that it has been reported that Plaintiff attempted to continue his employment with WREIT. All remaining allegations of paragraph 10 are denied.

11. Unum admits, upon information and belief, the allegations of paragraph 11 of the Complaint.

12. In regard to the allegations of paragraph 12 of the Complaint, Unum admits that it paid benefits through December 2006, but the remaining allegations are too vague to provide a meaningful response and therefore are denied.

13. Unum admits the allegations of paragraph 13 of the Complaint.

14. Unum admits the allegations of paragraph 14 of the Complaint.

15. In regard to the allegations of paragraph 15 of the Complaint, Unum admits that Plaintiff was a participant in the ERISA plan at issue in this case and that Unum had the discretionary authority to decide benefit claims, but Unum denies that Plaintiff "is" a beneficiary under the plan.

16. The allegations of paragraph 16 of the Complaint state a legal conclusion to which no response is required. To the extent the allegations misstate the law in any manner, they are denied.

17. Unum denies the allegations of paragraph 17 of the Complaint.

18. Unum denies the allegations of paragraph 18 of the Complaint. In addition, in regard to the sentence beginning "WHEREFORE," immediately following paragraph 18, Unum denies that Plaintiff is entitled to the relief requested.

19. In response to the allegations of paragraph 19 of the Complaint, Unum reasserts all of its answers to paragraphs 1-18 of the Complaint as if they were set forth specifically and in detail herein.

20. Unum denies the allegations of paragraph 20 of the Complaint. In addition, in regard to the sentence beginning "WHEREFORE," immediately following paragraph 20, Unum denies that Plaintiff is entitled to the relief requested.

21. In response to the allegations of paragraph 21 of the Complaint, Unum reasserts all of its answers to paragraphs 1-20 of the Complaint as if they were set forth specifically and in detail herein.

22. Unum denies the allegations of paragraph 22 of the Complaint.

23. In response to the allegations of paragraph 23 of the Complaint, Unum reasserts all of its answers to paragraphs 1-22 of the Complaint as if they were set forth specifically and in detail herein.

24. Unum denies the allegations of paragraph 24 of the Complaint. In addition, in regard to the sentence beginning "WHEREFORE," immediately following paragraph 24, Unum denies that Plaintiff is entitled to the relief requested.

25. In response to the allegations of paragraph 25 of the Complaint, Unum reasserts all of its answers to paragraphs 1-24 of the Complaint as if they were set forth specifically and in detail herein.

26. Unum denies the allegations of paragraph 26 of the Complaint.

27. Unum denies the allegations of paragraph 27 of the Complaint.

28. Unum denies the allegations of paragraph 28 of the Complaint.

29. In regard to the unnumbered paragraph beginning "WHEREFORE," including subparts (a) through (e), Unum denies that Plaintiff is entitled to any of the relief requested.

30. All allegations not expressly admitted are hereby denied.

31. Plaintiff's claim for benefits is barred because he does not meet the definition of Totally Disabled within the meaning of the Policy.

32. Under the terms of the Policy, Plaintiff's claim for benefits, if valid, is subject to an offset against any amounts received by him from other sources, including, but not limited to, any disability benefits awarded by the Social Security Administration or other agency.

33. Pursuant to the clear terms of the Policy, Unum appropriately reserved discretionary authority such that the Court should employ an abuse of discretion standard of review.

34. Unum's decision to deny Plaintiff's claim for benefits under the Policy was in accordance with the terms and conditions of the Policy; it was reasonable; and it was not an abuse of discretion.

35. Plaintiff has failed to state a claim upon which relief may be granted.

36. The recovery herein, if any, is limited to the terms, conditions, limitations, exclusions and other provisions of the Policy.

37. Even if Plaintiff is currently disabled and eligible for benefits under the terms of the Policy, which contention Unum denies, such determination does not mean that Plaintiff is entitled to unlimited future benefits under the Policy given, *inter alia*, the possibility

of recovery, as well as the effect of different requirements, exclusions and/or limitations thereunder.

38. Plaintiff is not entitled to a trial by jury.

39. Unum hereby reserves the right to add any additional defenses as investigation in this matter continues.

WHEREFORE, Unum Life Insurance Company hereby requests that the Complaint be dismissed and that it be awarded its costs and attorney fees incurred herein.

UNUM LIFE INSURANCE COMPANY

/s/ Tameka Collier

Tameka M. Collier, DC Bar No. 488979
tameka.collier@troutmansanders.com
TROUTMAN SANDERS LLP
401 9th Street, N.W.
Suite 1000
Washington, DC 20004-2134
(202) 274-2950
FAX (202) 274-2994

David E. Constine, III, VSB No. 23223
david.constine@troutmansanders.com
TROUTMAN SANDERS LLP
P. O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1200
FAX (804) 697-1339

Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of September, 2007, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to Benjamin A. Klopman, 216 North Adams Street, Rockville, Maryland 20850, baklaw@verizon.net; and that a copy was also served via regular U.S. mail, postage prepaid.

/s/  Tameka Collier

Tameka M. Collier, DC Bar No. 488979
tameka.collier@troutmansanders.com
TROUTMAN SANDERS LLP
401 9th Street, N.W.
Suite 1000
Washington, DC 20004-2134
(202) 274-2950
FAX (202) 274-2994

Counsel for Defendant

1647590